IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER: 3:25-11213-SAL

| | |
|---|---|
| Nationwide Insurance Company of America,<br><br>                                        Plaintiff,<br><br>v.<br><br><br><br>Mary Orecchio, Andrei E. Bolshakov, and Martin Van Buren Hook,<br><br>                                        Defendants. | **COMPLAINT**<br>**(DECLARATORY JUDGMENT)**<br>**(Non-Jury)** |

Plaintiff, Nationwide Insurance Company of America (hereinafter "Plaintiff"), by and through its undersigned counsel, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

## JURISDICTION AND VENUE

1.      Plaintiff is an insurance company organized and existing pursuant to the laws of the State of Ohio, with its principal place of business in the State of Ohio. Plaintiff is authorized to conduct business in the State of South Carolina and does conduct business in the State of South Carolina.

2.      Upon information and belief, Defendant Mary Orecchio (hereinafter "Defendant Orecchio") is a citizen and resident of the county of Richland, State of South Carolina and owns property located at 400 Mallett Hill Road #D4, Columbia, South Carolina.

3.      Upon information and belief, Defendant Andrei E. Bolshakov (hereinafter "Defendant Bolshakov") is a citizen and resident of the county of Mecklenburg, State of North Carolina and previously owned the property purchased by Defendant Mary Orecchio located at 400 Mallett Hill Road #D5, Columbia, South Carolina.

1

4. Upon information and belief, Defendant Martin Van Buren Hook (hereinafter "Defendant Hook") is a citizen and resident of the county of Richland, State of South Carolina.

5. Upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in the State of South Carolina, being centered on the properties located at 400 Mallet Hill Road, Columbia, South Carolina.

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

7. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

8. Venue is proper in this Division and this Court under 28 U.S.C. 1391(b)(1) and (2).

## **THE POLICY**

9. Plaintiff repeats and realleges the allegations above as if set forth verbatim below.

10. Plaintiff issued a homeowners policy to Gary Marty Hook and Julia Hook, Policy No. 61 39 HR 087178, with effective dates of April 11, 2024, to April 11, 2025 (hereinafter, "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

11. The Policy provides coverage for a listed property at 207 Wild Cherry Road, Columbia, South Carolina 29223, and provides $500,000 in personal liability coverage.

12. Section II: Liability Coverages of the Policy states, in pertinent part:

**SECTION II – LIABILITY COVERAGES**

    A.    **Coverage E – Personal Liability**
        If a claim is made or a suit is brought against an "insured" for damages due to an "occurrence" resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property, we will:
        **1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable.

***

13.    The Policy defines "Insured" as:

**DEFINITIONS**
***

    9.  "Insured" means:
        a.  You and residents of your household who are:
            (1)    Your relatives; or
            (2)    Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;
***

14.    Upon information and belief, Defendant Hook is the son of Gary Marty Hook and Julia Hook.

15.    Upon information and belief, Defendant Hook resided at 400 Mallett Hill Road #D5, Columbia, South Carolina (the "Subject Property"), at the time of the underlying accident and not the listed residence premises property, 207 Wild Cherry Road, Columbia, South Carolina 29223.

16.    Section II: Exclusions of the Policy states, in part:

**SECTION II – EXCLUSIONS**
***

    **E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**
    Coverages **E** and **F** do not apply to the following:
***

        **5. "Insured's" Premises Not An "Insured Location"**
        "Bodily injury" or "property damage" arising out of a premises:

3

      **a.** Owned by an "insured";
      **b.** Rented to an "insured"; or
      **c.** Rented to others by an "insured";
    that is not an "insured location".
              \*\*\*

17. The Policy defines "Insured location" as:

    **DEFINITIONS**
                \*\*\*
    10. "Insured location" means:
        a. The "residence premises";
        b. The part of other premises, other structures and grounds used by you as a residence; and
            (1) Which is shown in the Declarations; or
            (2) Which is acquired by you during the policy period for your use as a residence;
        c. Any premises used by you in connection with a premises described in **a.** and **b.** above;
        d. Any part of a premises:
            (1) Not owned by an "insured"; and
            (2) Where an "insured" is temporarily residing;
                \*\*\*

18. The Policy defines "Residence premises" as:

    **DEFINITIONS**
                \*\*\*
    15. "Residence premises" means:
        a. The one-family dwelling where you reside;
        b. The two-, three-, or four-family dwelling where you reside in at least one of the family units; or
        c. That part of any other building where you reside; on the inception date of the policy period shown in the Declarations and which is shown as the "residence premises" in the Declarations.
    "Residence premises" also includes other structures and grounds at that location.
                \*\*\*

19. The Policy defines "you" and "your" as:

    **DEFINITIONS**

                \*\*\*

  **B.** Throughout this policy, "you" and "your" refer to:
  1. The "named insured" shown in the Declarations;
  2. The spouse if a resident of the same household;
  3. The civil partner of the named insured by Civil Union or Registered Domestic Partnership filed and recognized by the state if a resident of the same household; or
  4. A "Domestic partner".

***

20. Section II: Additional Coverages of the Policy states, in part:

**SECTION II – ADDITIONAL COVERAGES**

We cover the following in addition to the limits of liability:
***

**C. Damage To Property Of Others**
1. We will pay for "property damage" to property of others caused by an "insured" regardless of legal liability. We will pay up to $1000 per "occurrence", but not more than the lesser of the replacement cost or the cost to repair the damaged property.
2. We will not pay for "property damage":
   a. To the extent of any amount recoverable under Section **I**;
   b. Caused intentionally by an "insured" who is 13 years of age or older;
   c. To property owned by an "insured";
   d. To property owned by or rented to a tenant of an "insured" or a resident in your household; or
   e. Arising out of:
      (1) A "business" engaged in by an "insured";
      (2) Any act or omission in connection with a premises owned, rented or controlled by an "insured", other than the "insured location"[.]

***

## THE UNDERLYING INCIDENT

21. Plaintiff repeats and realleges the allegations above as if set forth verbatim below.

22. On April 1, 2025, Defendant Orecchio filed a Summons and Complaint in the South Carolina Court of Common Pleas, Richland County, captioned: <u>Mary Orecchio vs. Andrei E.</u>

5

Bolshakov and Martin Van Buren Hook, Civil Action No. 2025-CP-40-02105 (hereinafter "Underlying Complaint").

23. The Underlying Complaint alleges Defendant Hook gathered, directed, and controlled water at the Subject Property, which then intruded onto and flooded Defendant Orecchio's property at 400 Mallett Hill Road #D4, Columbia, South Carolina.

24. The Underlying Complaint further alleges the water intrusion occurred for an extended period of time prior to Defendant Orecchio's purchase of 400 Mallett Hill Road #D4, Columbia, South Carolina, from Defendant Bolshakov, and Defendant Bolshakov failed to disclose the water intrusion.

25. Upon information and belief, Defendant Orecchio has or will make claims against Defendant Hook for property damage resulting from the alleged water intrusion.

26. Upon information and belief, Defendant Hook has tendered the Underlying Complaint to Plaintiff to provide a defense, and Plaintiff is currently defending under a reservation of rights.

## FOR A FIRST DECLARATION

27. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

28. Upon information and belief, Defendant Hook resided at the Subject Property, at the time of the incident described in the Underlying Complaint.

29. The Subject Property is not a "residence premises" or an "insured location" as defined by the Policy.

30. Defendant Hook was not a resident of Gary Marty Hook and Julia Hook's household at the time of the incident described in the Underlying Complaint and, therefore, was not an "insured" as defined by the Policy.

31. Even assuming—but not admitting—Defendant Hook was an "insured" as defined by the Policy, the Exclusions to Personal Liability Coverage provides that Personal Liability Coverage does not apply to "bodily injury or property damage arising out of a premises . . . that is not an insured location."

32. Therefore, Plaintiff is entitled to a declaration that Hook is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

## FOR A SECOND DECLARATION

33. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

34. Assuming—without admitting—Defendant Hook is an "insured" as defined in the Policy, the incident described in the Underlying Complaint concerns an act or omission by Defendant Hook in connection with a premises other than the "insured location" under the Policy.

35. Therefore, Plaintiff is entitled to a declaration that Hook is not entitled to Additional Coverages under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**WHEREFORE**, Plaintiff prays that the Court inquire into these matters and declare that the Policy provides no coverage for any claims arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make any payments

whatsoever for any claims arising out of the incident described in the underlying complaint, together with such other and further relief as the Court may deem proper.

                                           MURPHY & GRANTLAND, P.A.

                                           *s/J.R. Murphy*
                                           J.R. Murphy, Esquire
                                           (Fed. Bar No.: 3119)
                                           Murphy & Grantland, P.A.
                                           P.O. Box 6648
                                           Columbia, South Carolina 29260
                                           (803) 782-4100
                                           jrmurphy@murphygrantland.com
                                           Attorney for the Plaintiff

Columbia, South Carolina
August 19, 2025